UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN PEARSON,

                              Plaintiff,

v.                                                  Civil Action No. _____

MIDWEST FIDELITY SERVICES, LLC D/B/A
ALLIED FIDELITY SERVICES, LLC

                              Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Kevin Pearson is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Midwest Fidelity Services, LLC d/b/a Allied Fidelity Services, LLC is a foreign business corporation organized and existing under the laws of the State of Kansas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a Pay Day Loan debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed to collect on the subject debt.

13. That in or about July 16, 2013, Defendant began calling Plaintiff in an attempt to collect on the subject debt. During this call, Defendant failed to give the mini-Miranda warning.

14. That in or about July 17, 2013, Defendant, during a telephone conversation, disclosed the existence of the subject debt to Plaintiff's girlfriend. Said disclosure was done without authorization or knowledge of Plaintiff. During this telephone conversation, the Defendant disclosed the balance to Plaintiff's girlfriend. Defendant then emailed Plaintiff's girlfriend a settlement offer.

15. That in or about July 18, 2013, Plaintiff contacted the Defendant and instructed the Defendant to not contact the Plaintiff's girlfriend regarding the subject debt. Plaintiff requested a letter from Defendant regarding the subject debt but Defendant refused to provide a letter stating that if he sent a letter it would be a legally binding contract.

16. That Plaintiff has not received any letters from Defendant in regards to the subject debt.

17. That the Defendant did not give the mini-Miranda warning during each communication with Plaintiff including voice messages left on his cellular answering service.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2) by contacting Plaintiff's girlfriend and disclosing the existence of the subject debt.

   B. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning in conversations with the Plaintiff and voice messages left on his answering service.

   C. Defendant violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days of the initial communications.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 6, 2013

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
       khiller@kennethhiller.com